UNITED STATES DISTRICT COURT
For the
District of Rhode Island

C.A. No. _____

| | |
|---|---|
| MARK SILVA and | : |
| LAUREN DAMIANI, | : |
| *Plaintiffs* | : |
| | : |
| v. | : |
| | : |
| TRUIST BANK and | : |
| JOHN DOE, HOLDING ACCOUNT | : |
| NO. 061113415 1110025960959 | : |
| *Defendants* | |

## VERIFIED COMPLAINT

### PARTIES

1. Plaintiff, Mark Silva., is an individual who resides in the Town of Johnston, Providence County, Rhode Island.

2. Plaintiff, Lauren Damiani, is an individual who resides in the Town of Johnston, Providence County, Rhode Island.

3. Defendant, Truist Bank, is a corporation duty organized and existing pursuant to the laws of the State of North Carolina, with a principal place of business in the City of Charolette, State of North Carolina.

4. Defendant, John Doe, is an individual and holder of Truist Account Number 1110025960959.

5. Defendant, Holding Account Number 1110025960959 is a Truist Bank account with Routing No. 061113415, maintain at the Truist Bank branch located at 43 S. Broad Street, City of Winder, State of Georgia.

STATEMENT OF THE CASE

On or about January 19, 2024, the Plaintiffs entered into a Land Sale Purchase and Sales Agreement, wherein Plaintiffs agreed to purchase and herein unnamed individuals, referred to as "the Sellers", agreed to sell for a purchase price of One Hundred Eighty-Eight Thousand and 00/100 Dollars ($188,000.000) a certain parcel of land situated in the Town of Scituate, County of Providence, State of Rhode Island, designated and described as "That certain parcel of land known as Record lot 4 on that Plan recorded for Heather Lane in the Town of Scituate RI or otherwise described as Assessors Plat 49 Lot 311 of Heather Lane Estates, Town of Scituate, Rhode Island." Plaintiffs engaged the services of the Law Offices of Medici & Sciacca, P.C. (hereafter "the Closing Attorney") located in the Town of Johnston, State of Rhode Island, to conduct the closing to consummate the aforementioned transaction.

On or about February 26, 2024, two days prior to the closing date of the aforementioned transaction, Plaintiffs received an email purporting to be from an attorney associated with the Closing Attorney. Said email was sent from a fraudulent email addresses designed to be confusingly similar to that of the attorney associated with the Closing Attorney. Said email provided wiring instructions for an account held by Defendant Truist Bank located in City of Winder, State of Georgia, in the name of Defendant John Doe with account number 1110025960959 (hereinafter "the Fraudulent Account") and instructed the Plaintiffs to electronically wire funds intended to be utilized to consummate the aforementioned real estate purchase to the Fraudulent Account. Said email fraudulently represented that the holder of the Fraudulent Account was the Closing Attorney. Plaintiffs followed the instructions contained in the fraudulent email and on February 26, 2024 initiated an electronic wire transfer in the amount of Thirty-Nine Thousand and 00/100 Dollars ($39,000.00) from their bank, Citizens Bank located in Town of Johnston, State of Rhode Island, to the Fraudulent Account, held by Defendant Truist Bank.

Notwithstanding that the holder of the account was not the Closing Attorney but rather Defendant John Doe, Defendant Truist nonetheless accepted the wire transfer from Citizens Bank and facilitated a deposit of the Plaintiffs' funds into the Fraudulent Account in the name of the Defendant John Doe. Upon arriving at the offices of the Closing Attorney on February 28, 2024, the Plaintiffs learned that the no one associated with the Closing Attorney sent the email instructing the Plaintiffs to wire the funds, that the Fraudulent Account was not held by the Closing Attorney, and that Plaintiffs had been defrauded into wiring their funds ($39,000.00) into an account held by Defendant Truist on behalf of John Doe, a stranger to the aforementioned real estate transaction.

Immediately upon learning of the instant fraud, the Plaintiffs with the assistance of the Closing Attorney, contacted the Defendant Truist and informed them of said fraud. Plaintiffs, by and through the Closing Attorney and their agents, instructed the Defendant Truist to freeze the Fraudulent Account, so as to prevent Defendant John Doe from removing Plaintiffs' funds therefrom. On behalf of Plaintiffs, the Closing Attorney initiated complaints with the Defendant Truist Bank, the United State Treasury Department, the Winder Police Department and Citizens Bank (the sending bank).

      Notwithstanding the instant Complaints and immediate request to freeze the Fraudulent Account, the Defendant Truist Bank has refused to freeze the Fraudulent Account or in any way restrict the Defendant Joe Doe from accessing the Plaintiffs' funds. Defendant Truist Bank has refused to take any action to protect the Plaintiffs' funds from being accessed and absconded with by the Defendant John Doe. By refusing to freeze the Fraudulent Account, the Defendant Truist has to acted to negligently, maliciously, wantonly and/or intentionally facilitate the loss by Plaintiffs of their funds. The actions of Defendant Truist Bank and John Doe have rendered Plaintiffs in breach of the aforementioned Land Sale Purchase and Sales Agreement subjecting them to damages in excess of Seventy-Five Thousand and 00/100 Dollars ($75,000.00).

<u>JURISDICTION</u>

6.      This Court has jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332 in that the Plaintiffs reside in the State of Rhode Island and the Defendant Truist Bank is a corporation organized and existing in the State of North Carolina, and that the amount in controversy is in excess of Seventy-Five Thousand and 00/100 Dollars ($75,000.00).

<u>COUNT I - NEGLIGENCE</u>

7.      Plaintiffs reallege the allegations set forth in para. 1 through 6, above.

8.      On or about January 19, 2024, the Plaintiffs entered into a Land Sale Purchase and Sales Agreement, wherein Plaintiffs agreed to purchase and herein unnamed individuals, referred to as "the Sellers", agreed to sell for a purchase price of One Hundred Eighty-Eight Thousand and 00/100 Dollars ($188,000.000) a certain parcel of land situated in the Town of Scituate, County of Providence, State of Rhode Island, designated and described as "That certain parcel of land known as Record lot 4 on that Plan recorded for Heather Lane in the Town of Scituate RI or otherwise described as Assessors Plat 49 Lot 311 of Heather Lane Estates, Town of Scituate, Rhode Island." (hereinafter "the Real Estate Transaction").

3

9. Plaintiffs engaged the services of the Law Offices of Medici & Sciacca, P.C. (hereafter "the Closing Attorney") located in the Town of Johnston, State of Rhode Island, to conduct the closing to consummate the aforementioned transaction.

10. A closing date was scheduled for February 28, 2024 at the Closing Attorney's office.

11. In addition to financing, Plaintiff were required to bring to the closing funds in the amount of Thirty-Nine Thousand and 00/100 Dollars.

12. On or about February 26, 2024, Plaintiffs received an email purporting to be from an attorney associated with the Closing Attorney. Said email was sent from a fraudulent email addresses designed to be confusingly similar to that of the attorney associated with the Closing Attorney. Said email provided wiring instructions for an account held by Defendant Truist Bank located in City of Winder, State of Georgia, in the name of Defendant John Doe with account number 1110025960959 (hereinafter "the Fraudulent Account") and instructed the Plaintiffs to electronically wire funds intended to be utilized to consummate the aforementioned real estate purchase to the Fraudulent Account.

13. Said email fraudulently represented that the holder of the Fraudulent Account was the Closing Attorney.

14. Plaintiffs followed the instructions contained in the fraudulent email and on February 26, 2024 initiated an electronic wire transfer in the amount of Thirty-Nine Thousand and 00/100 Dollars ($39,000.00) from their bank, Citizens Bank located in Town of Johnston, State of Rhode Island, to the Fraudulent Account, held by Defendant Truist Bank.

15. The holder of the Fraudulent Account was not the Closing Attorney but rather Defendant John Doe.

16. The wire transfer request made by Plaintiffs at Citizens Bank specified the Closing Attorney as holder of the Fraudulent Account and the Beneficiary of the wire transfer.

17. The holder of the Fraudulent Account was John Doe, not the Closing Attorney.

18. Defendant Truist Bank accepted the wire transfer from Citizens Bank and facilitated a deposit of the Plaintiffs' funds into the Fraudulent Account in the name of the Defendant John Doe, notwithstanding that the wire transfer request specified that the holder of the Fraudulent Account and Beneficiary of the wire transfer was the Closing Attorney.

19. Defendant Truist Bank failed to confirm that the name on the Fraudulent Account and the Beneficiary of the wire transfer request were the same.

20. Defendant Truist Bank failed to confirm that the name on the Fraudulent Account and the name that the wire transfer purported to be in the Fraudulent account were the same.

21. Defendant Truist Bank's failure to confirm that the name on the Fraudulent Account and the Beneficiary of the wire transfer request were the same was negligent.

22. Defendant Truist Bank's failure to confirm that the name on the Fraudulent Account and the name that the wire transfer purported to be in the Fraudulent account were the same was negligent.

23. Defendant Truist Bank's failure to confirm that the name on the Fraudulent Account and the Beneficiary of the wire transfer request were the same proximately caused Plaintiff to lose their funds in amount of Thirty-Nine Thousand and 00/100 Dollars ($39,000.00).

24. Defendant Truist Bank's failure to confirm that the name on the Fraudulent Account and the name that the wire transfer purported to be on the Fraudulent account were the same proximately caused Plaintiff to lose their funds in amount of Thirty-Nine Thousand and 00/100 Dollars ($39,000.00).

25. As a result of Defendant Truist Bank's negligence, Plaintiffs suffered a monetary loss in the amount of Thirty-Nine Thousand and 00/100 ($39,000.00).

26. As a result of Defendant Truist Bank's negligence, Plaintiffs suffered losses equal to the value of the bargain for the purchase of the Property in the amount of One Hundred Eighty-Eight Thousand and 00/100 Dollars ($188,000.00).

27. Upon arriving at the offices of the Closing Attorney on February 28, 2024, the Plaintiffs learned that the no one associated with the Closing Attorney sent the email instructing the Plaintiffs to wire the funds, that the Fraudulent Account was not held by the Closing Attorney, and that Plaintiffs had been defrauded into wiring their funds ($39,000.00) into an account held by Defendant Truist on behalf of John Doe, a stranger to the aforementioned real estate transaction.

28. Immediately upon learning of the instant fraud, the Plaintiffs, with the assistance of the Closing Attorney, contacted the Defendant Truist and informed them of said fraud and requested that Defendant Truist Bank freeze the Fraudulent Account so as to prevent Defendant John Doe from removing Plaintiffs' funds therefrom.

29. Defendant Truist Bank denied Plaintiffs' request and refused to freeze the Fraudulent Account refused to freeze the Fraudulent Account or in any way restrict the Defendant Joe Doe from accessing the Plaintiffs' funds.

30. Defendant Truist Bank has refused to take any action to protect the Plaintiffs' funds from being accessed and absconded with by the Defendant John Doe.

31. By refusing to freeze the Fraudulent Account or in any way restrict the Defendant Joe Doe from accessing the Plaintiffs' funds, the Defendant Truist has to acted to negligently, maliciously, wantonly and intentionally facilitate the loss by Plaintiffs of their funds in the amount of Thirty-Nine Thousand and 00/100 Dollars ($39,000.00).

32. By refusing to freeze the Fraudulent Account or in any way restrict the Defendant Joe Doe from accessing the Plaintiffs' funds, the Defendant Truist has acted to negligently, maliciously, wantonly and intentionally facilitate the loss by Plaintiffs of their funds.

33. By refusing to freeze the Fraudulent Account or in any way restrict the Defendant Joe Doe from accessing the Plaintiffs' funds, Defendant Truist Bank has acted to negligently, maliciously, wantonly and intentionally to facilitate Plaintiffs' losses equal to the value of the bargain for the purchase of the Property in the amount of One Hundred Eighty-Eight Thousand and 00/100 Dollars ($188,000.00).

## COUNT II - FRAUD

34. Plaintiffs reallege the allegations set forth in para. 1 through 33, above.

35. Defendant John Doe without authorization accessed the email account of an attorney associated with the Closing Attorney and thereby accessed details of the aforementioned Real Estate Transaction including the identities and email addresses of the Plaintiffs.

36. Defendant John Doe created an email account deceptively similar to the attorney associated with the Closing Attorney (hereinafter "the Deceptive Email Address").

37. Utilizing the Deceptive Email Address, John Doe posing as the attorney associated with the Closing Atorney, forwarded an email to Plaintiffs instructing them in order to facilitate the Real Estate Transaction to electronically transfer funds in the amount of Thirty-Nine Thousand and 00/100 Dollars ($39,000.00) to the Fraudulent Account.

38. Plaintiffs believing that the aforementioned email and instructions were from the attorney associated with the Closing Attorney followed Defendant John Doe's instructions contained in the fraudulent email and on February 26, 2024 initiated an electronic wire transfer in

7

the amount of Thirty-Nine Thousand and 00/100 Dollars ($39,000.00) from their bank, Citizens Bank located in Town of Johnston, State of Rhode Island, to the Fraudulent Account, held by Defendant Truist Bank in the name of John Doe.

39.     As a result of the intentional fraudulent and deceptive acts of John Doe, Plaintiffs have suffered the loss of their funds in the amount of Thirty-Nine Thousand and 00/100 Dollars ($39,000.00).

40.     As a result of the intentional fraudulent and deceptive acts of John Doe, Plaintiffs have suffered losses equal to the value of the bargain for the purchase of the Property in the amount of One Hundred Eighty-Eight Thousand and 00/100 Dollars ($188,000.00).

## COUNT III – INJUNCTIVE RELIEF

41.     Plaintiffs reallege the allegations set forth in para. 1 through 40, above.

42.     Immediately upon learning of the aforementioned fraud, the Plaintiffs, with the assistance of the Closing Attorney, contacted the Defendant Truist and informed them of said fraud. Plaintiffs, by and instructed the Defendant Truist to freeze the Fraudulent Account, so as to prevent Defendant John Doe from removing Plaintiffs' funds therefrom.

43.     On behalf of Plaintiffs, the Closing Attorney also initiated complaints with the Defendant Truist Bank, the United State Treasury Department, the Winder Police Department and Citizens Bank (the sending bank).

44.     Notwithstanding the efforts of Plaintiffs and their agents, Defendant Truist Bank has refused to freeze the Fraudulent Account or in any way restrict the Defendant Joe Doe from accessing the Plaintiffs' funds. Defendant Truist Bank has refused to take any action to protect the Plaintiffs' funds from being accessed and absconded with by the Defendant John Doe.

45. Defendant Truist Bank's refusal to freeze the Fraudulent Account or in any way restrict the Defendant Joe Doe from accessing the Plaintiffs' funds had left Plaintiffs' funds exposed and subject to access and withdrawal by John Doe.

46. Plaintiffs therefore request an Order by this Court enjoining Defendant Truist Bank from allowing access to and/or withdrawal of funds from the Fraudulent Account.

WHEREFORE, Plaintiffs respectfully demands as follows:

a) Judgment against Defendant Truist Bank in the amount of One Hundred Eighty-Eight Thousand and 00/100 Dollars ($188,000.00);

b) Judgment against Defendant John Doe in the amount of One Hundred Eighty-Eight Thousand and 00/100 Dollars ($188,000.00);

c) An Order enjoining Defendant Truist Bank from allowing access to and/or withdrawal of funds from the Holding Account with Routing and Account Numbers 061113415 1110025960959.

    Plaintiffs,
    MARK SILVA and
    LAUREN DAMIANI
    By their Attorneys

    Albert E. Medici, Jr., Esq.
    Medici & Sciacca, PC
    Attorneys At Law
    1312 Atwood Avenue
    Johnston, RI 02919
    Cell:   401-595-9581
    Phone: 401-946-3910
    Fax:   401-942-4918
    Email: am@mslaw-pc.com

VERIFICATION

I, Mark Silva, verify, under the penalties of perjury that: (i) I have read the foregoing Verified Complaint; and (ii) the allegations contained in the Verified Complaint are true and accurate based upon my personal knowledge, except such allegations made upon information and belief, which allegations I believe to be true.

_____
Mark Silva


I, Lauren Damiani, verify, under the penalties of perjury that: (i) I have read the foregoing Verified Complaint; and (ii) the allegations contained in the Verified Complaint are true and accurate based upon my personal knowledge, except such allegations made upon information and belief, which allegations I believe to be true.

_____
Lauren Damiani